THE ATTORNEY GENERAL.

OF TEXAS



Gerald C. Mann

AUSTIN 11, TEXAS

XXXXXXXXXXXXXXXXXXXX
ATTORNEY GENERAL

Modified by 5056-A

Hon. G. H. Williamson          Opinion No. O-5056
County Attorney               Re: Sale of land purchased by a
Erath County                  taxing unit at a tax foreclosure
Stephenville, Texas           sale, after the expiration of the
                              redemption period, and a related
Dear Sir:                     question.

Your letter of January 18, 1943, propounds the two following questions:

"(1)  Can County or State sell land purchased by one or the other of said taxing units for amount of taxes, penalties, interest and costs at Sheriff's foreclosure sale, at private sale after the expiration of two (2) years redemption period and six months additional?

"(2)  If County or State can so sell such land, what officers execute the instrument of conveyance and what should be the form of such instrument?"

By virtue of Section 9 of Article 7345b, Vernon's Annotated Civil Statutes, if the property is sold to any taxing unit which is a party to the judgment under decree of the court in said suit, the title to said property shall be bid in and held by the taxing unit purchasing the same for the use and benefit of itself and all other taxing units which are parties to the suit and which have been adjudged in said suit to have tax liens against such property, pro rata and in proportion to the amount of tax liens in favor of said respective taxing units as established by the judgment in said suit. Such property shall not be sold by the taxing unit purchasing the same for less than the adjudged value thereof or the amount of the judgment against the property in said suit, whichever is lower, without the written consent of all taxing units which in said judgment have been found to have tax liens against such property. When such property is sold by the taxing unit purchasing the same, the proceeds thereof shall be received by it for account of itself and all other said taxing units adjudged in said suit to have a tax lien against such property. The proceeds from such a sale, after paying all costs and expenses, shall be distributed among such taxing units pro rata and in proportion to the amount of their

tax liens against such property as established in said judgment.

This provision of the statute further provides in effect that if the sale has not been made by such purchasing taxing units before six (6) months after the redemption period provided in Section 12 of the statute has expired, it shall thereafter be the duty of the Sheriff upon the written request from any taxing unit who has obtained a judgment in said suit, to sell said property as provided therein.

The provisions of Article 7345b are cumulative of and in addition to all other rights and remedies to which any taxing unit may be entitled. (Section 13 of said statute).

After the expiration of the redemption period, which is two (2) years, and before six (6) months after such redemption period, the taxing unit purchasing the property is the only taxing unit that can sell such property. If the taxing unit purchasing the property has not sold said property within six (6) months after the redemption period, then after the expiration of said six (6) months, any taxing unit who has obtained a judgment in said suit, other than the State, may require the Sheriff upon written request to sell such property in the manner as authorized by Article 7345b. We are unable to find any statute authorizing any person to request the Sheriff to make the sale for the State where the State is the purchasing unit.

Where either the State or county is the purchasing unit, either can sell such property after the redemption period and within six (6) months thereafter. After the expiration of the six (6) months period where no taxing unit, except the State who has obtained a judgment in said suit has requested the Sheriff in writing to sell said property, the purchasing unit which is either the State or a county can sell such property. If any of the taxing units except the State who has obtained a judgment in said suit requests the Sheriff in writing to sell said property when the purchasing unit has not sold the same, said property must be sold in the manner as authorized by Section 9 of Article 7345b.

As heretofore stated, where the property is sold to the taxing unit which is a party to the judgment under decree of the court in said suit, the title to said property shall be bid in and held by the taxing unit purchasing the same for the use and benefit of itself and all other taxing units which are parties to the suit and which have been adjudged in said suit to have tax liens against such property. Where either the State or a county has purchased the property and sells the same within

the six (6) months period after the redemption period or after said six (6) months period where none of the other taxing units have requested the Sheriff in writing to sell the same, either the State or the county purchasing such property holds the title of said property.

It is our opinion that where the State has purchased the property, the State must sell said property in conformity with the general law authorizing the State to sell such property as authorized by Article 7328, Vernon's Annotated Civil Statutes. This statute provides in part:

"The Sheriff, in behalf of the State, shall execute a deed conveying title to said property when sold and paid for."

It is our further opinion that where the county purchases the property and sells the same, the county must sell said property as authorized by Article 1577, Vernon's Annotated Civil Statutes, except where the six (6) months period has expired. In other words where the county is the purchasing unit, it may request the Sheriff to make the sale after the expiration of the six (6) months period as authorized by Section 9, Article 7345b. Neither Article 7328 nor Article 1577 authorizes the sale of such property at private sale. Therefore, it is our opinion that neither the State nor county can sell such property at private sale within the six (6) months period after the redemption period or after the expiration of the six (6) months period where no other taxing unit has requested the Sheriff in writing to sell the same, but in either event such property must be sold at public sale as authorized by the foregoing statutes. Of course, where either the State or county sells such property the same shall not be sold for less than the adjudged value thereof or the amount of judgment against the property in said suit, whichever is lower, without the written consent of all taxing units which in said judgment have been found to have tax liens against such property and when such property is sold by the taxing unit purchasing the same, the proceeds thereof shall be received by it for account of itself and all other taxing units adjudged in said suit to have a tax lien against such property.

As we have answered your first question in the negative your second question becomes moot and requires no answer.

APPROVED APR 14, 1943
/s/ Grover Sellers
FIRST ASSISTANT ATTORNEY GENERAL
(This opinion considered and
approved in limited conference)
AW:mp:wb

Yours very truly
ATTORNEY GENERAL OF TEXAS
By /s/ Ardell Williams
Ardell Williams, Assistant